

# IN THE
# TENTH COURT OF APPEALS

## No. 10-17-00167-CV

## IN THE INTEREST OF A.L.M., A CHILD

### From the 13th District Court
### Navarro County, Texas
### Trial Court No. 11-20459-CV

## MEMORANDUM OPINION

Enrique M. appeals from a judgment that terminated the parent-child relationship between him and his child, A.L.M. TEX. FAM. CODE ANN. § 161.001 (West 2014). Enrique complains that the evidence was factually insufficient to show that he failed to support his child pursuant to Section 161.001(b)(1)(F).[1] TEX. FAM. CODE ANN. § 161.001(b)(1)(F). Because we find that the evidence was factually insufficient on this ground, we reverse the judgment of termination of Enrique's parental rights.

---

[1] Enrique does not challenge the legal sufficiency of the evidence regarding the failure to support, that the evidence regarding best interest was legally or factually insufficient, or complain that the name change of the child was granted in error.

## SECTION 161.001(b)(1)(F)

In his sole issue, Enrique complains that the evidence was factually insufficient for the trial court to have found by clear and convincing evidence that he had "failed to support the child in accordance with [his] ability during a period of one year ending within six months of the filing of the petition". TEX. FAM. CODE ANN. § 161.001(b)(1)(F). In cases involving termination of parental rights, due process requires the application of the clear and convincing standard of proof. *In re J.F.C.*, 96 S.W.3d 256, 263 (Tex. 2002); *see* § 161.206(a) (West 2014). "'Clear and convincing evidence' means the measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established." TEX. FAM. CODE ANN. § 101.007 (West 2014). This standard, which focuses on whether a reasonable jury could form a firm belief or conviction, retains the deference a reviewing court must have for the factfinder's role. *In re C.H.*, 89 S.W.3d 17, 26 (Tex. 2002).

When reviewing the factual sufficiency of the evidence supporting a termination order, we determine "whether the evidence is such that a factfinder could reasonably form a firm belief or conviction about the truth of the movant's allegations." *In re C.H.*, 89 S.W.3d at 25. "If, in light of the entire record, the disputed evidence that a reasonable factfinder could not have credited in favor of the finding is so significant that a factfinder could not reasonably have formed a firm belief or conviction, then the evidence is factually insufficient." *In re J.F.C., 96 S.W.3d at 266.*

Brandi, the mother of A.L.M., filed the petition to terminate the parent-child relationship on December 16, 2016. Enrique filed a general denial. The final hearing was conducted on April 21, 2017, at which time the trial court found that Enrique had failed to support his child in accordance with Section 161.001(b)(1)(F) and that termination was in the best interest of the child. The trial court also granted Brandi's request to change the child's last name.

Enrique had been ordered to pay child support beginning in March of 2013 and regular payments were taken from his paycheck until February of 2016 when the amounts became more sporadic and covered significantly less than his entire monthly obligation. The child support payments stopped entirely after one payment made in early June of 2016.

Enrique was incarcerated at the time of the final hearing and did not attend because he was transferred to TDCJ shortly before the hearing.[2] Brandi testified to the reduced payments and a payment record from the attorney general's office was admitted into evidence that showed the exact dates and amounts paid by Enrique. Brandi further testified that Enrique was a car salesman with no physical disabilities and had the ability to pay child support. Enrique had been incarcerated since August of 2016 pending a revocation of community supervision and new drug charges. Although Brandi testified

---

[2] There is nothing in the record to suggest that Enrique sought a bench warrant to attend the trial in person or sought to present evidence by an alternative method.

on cross-examination by the amicus attorney for the child that Enrique did not have the ability to pay support while incarcerated, she later expressed that it was Enrique's decision to use drugs and go to jail that led to him being unable to work. Brandi had been notified at some point by letter that Enrique had been terminated from his employment, although the record is unclear as to when that occurred.

Enrique argues that the evidence was insufficient to show that there was evidence of him failing to support his child for twelve consecutive months prior to the filing of Brandi's petition. The amicus attorney appointed to represent the child argued to the trial court that the evidence was insufficient on this basis at the final hearing as well. Brandi contends that the evidence was sufficient because Enrique failed to support the child from March of 2016 to March of 2017, which includes dates after the filing of the petition but that were within six months of its filing.

Brandi bore the burden of proving by clear and convincing evidence that Enrique had the ability to pay during each of these months. *See In re N.A.F.*, 282 S.W.3d 113, 116 (Tex. App.—Waco 2009, no pet.). She likewise had to prove that he failed to pay support commensurate with his ability for each of those twelve months. *See Wiley v. Spratlan*, 543 S.W.2d 349, 351 (Tex. 1976). After reviewing the entire record and giving appropriate deference to the trial court as factfinder, we do not find that the evidence was "such that [the] factfinder could reasonably form a firm belief or conviction about the truth of the movant's allegations." *In re C.H.*, 89 S.W.3d at 25. Brandi had been informed that Enrique

had been terminated from his employment at some point but had no knowledge of other employment. There was no evidence regarding any other ability to pay child support from any other sources either before or after Enrique's incarceration. After he was incarcerated, there was no evidence that Enrique had any ability to pay child support to Brandi. Because the evidence was factually insufficient, we sustain Enrique's sole issue.[3]

## CONCLUSION

Having found that the evidence was factually insufficient, we reverse the judgment as it relates to the termination of Enrique's parental rights to A.L.M. We affirm the portion of the judgment granting the name change of A.L.M. to A.L.S.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Reversed and remanded
Opinion delivered and filed November 29, 2017
[CV06]



---

[3] Because we have determined that the evidence was factually insufficient on a different basis, we do not address whether the term "during a period of one year ending within six months of the filing of the petition" in Section 161.001(b)(1)(F) can encompass dates after the filing of the termination petition.